

FILED

2019 MAY 24  PM 3:29

SCOTT G. WEBER, CLERK
CLARK COUNTY

1

2

3

4

5

6

7       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8            IN AND FOR THE COUNTY OF CLARK

9   TINA M. CHRISTIAN, a single woman; and       NO:  19  2  0 1 6 3 3   06
    as Personal Representative of the Estate of
10  Damien Walter Christian,

11                  Plaintiffs,                   COMPLAINT FOR:

12  vs.                                           [1] DECLARATORY JUDGMENT
                                                  [2] BREACH OF CONTRACT;
13  REGENCE BLUECROSS BLUESHIELD OF               [3] DECLARATORY JUDGMENT;
14  OREGON, an Oregon Nonprofit Corporation;      [4] BAD FAITH DENIAL OF INSURANCE
    and THE VANCOUVER CLINIC, INC., P.S.,             CLAIMS; and
15  a Washington Professional Services            [5] VIOLATION OF CONSUMER
    Corporation,                                      PROTECTION ACT
16
17                  Defendants.

18          COMES NOW the Plaintiffs, and for causes of action against the Defendants, alleges

19  and avers as follows.

20                                  **I. Parties**

21          1.1     Plaintiff, Tina M. Christian, is a single woman, residing in La Center, Clark

22  County, Washington.  She was married to Mr. Damien Walter Christian, hereinafter referred to

23  as "Christian", until he passed away on December 10th, 2015.  The CHRISTIANS, as husband

24  and wife, formed a marital community, and Plaintiff brings this action on her own behalf, on

25  behalf of the former marital community, and on behalf of the Estate of Damien Walter

COMPLAINT - 1

Law Office of Bradley S. Wolf
600 First Avenue, Suite 600
Seattle, Washington 98104
Phone:   (206) 264-4577
Fax: (206) 838-1906

3

PPS

1  Christian.

2       1.2    Plaintiff, Ms. Tina Christian, is also the duly appointed and qualified Personal

3  Representative of the Estate of Damien Walter Christian, filed in Clark County Superior Court,

4  under Cause No. 15-4-01436-7.

5       1.3    Defendant, Regence Bluecross Blueshield of Oregon, ("REGENCE"), is a

6  nonprofit corporation organized and existing under the laws of the State of Oregon, engaged in

7  business as an issuer of health care insurance.  REGENCE is also a duly registered foreign

8  corporation, authorized to conduct business in the State of Washington.

9       1.4    Defendant The Vancouver Clinic, Inc., P.S., is a Professional Services

10  Corporation, organized and existing under the Laws of the State of Washington, with its

11  principal place of business in Vancouver, Washington.

12                 **II. Facts**

13       2.1    Damien Christian was a severely disabled man, as determined by the Social

14  Security Administration.  Prior to his passing, he suffered a variety of extraordinary and severe

15  medical problems.  These have included a cardiac arrest and resuscitation, being struck by a

16  train, a cholecystectomy, colon resections, aortic valve replacement, bacterial endocarditis,

17  common bile duct repair, seizures, anemia, malnutrition, hypertension, anastomotic ulcers, gall

18  bladder surgery, and prolonged TPN treatments and anticoagulant treatments.

19       2.2    For over two decades, Damien Christian had been an insured under a variety of

20  health insurance policies issued by REGENCE or its affiliates.  In 2013, REGENCE issued a

21  health insurance policy to Damien Christian, identified as the "Regence Evolve Plus (SM)

22  (Comprehensive) Policy."  The policy was issued and delivered in the State of Washington, as

23  part of a knowing business decision on the part of REGENCE, to market health insurance

24  policies to Washington State citizens, proximate to the Washington/Oregon border.  The policy

25  was duly registered by REGENCE in a form filing with the Washington State Insurance

COMPLAINT - 2

**Law Office of Bradley S. Wolf**
**600 First Avenue, Suite 600**
**Seattle, Washington 98104**
**Phone:   (206) 264-4577**
**Fax: (206) 838-1906**

1    Commissioner's office, under Form No. WO0812PPCOI.  CHRISTIAN paid all required

2    premiums under the policy, and therefore was fully entitled to its benefits.

3           2.3      On February 13, 2013, CHRISTIAN underwent surgery at the Oregon Health &

4    Sciences University Medical Center in Portland, Oregon.  The purpose of the procedure was to

5    remove scar tissue from previous surgeries.  The surgery resulted in complications, resulting in

6    an ostomy placement.

7           2.4      Following the surgery, CHRISTIAN required constant ongoing medical care,

8    including protracted periods at skilled nursing facilities, nutritional support, hospitalizations,

9    and surgical procedures.

10          2.5      Shortly after the surgery, REGENCE began to systematically deny

11   CHRISTIAN's insurance claims.  RECENCE denied CHRISTIAN health coverage under the

12   assertion that his medical conditions were all the result of a bariatric procedure that

13   CHRISTIAN underwent in 1994, or from complications attributable to that procedure.

14          2.6      Over the course of two years, REGENCE repeatedly denied claims of

15   approximately $2,000,000.  After having approved and paid out benefits, REGENCE went back

16   and retrospectively re-examined and denied claims.  It refused to pre-approve needed medical

17   procedures.

18          2.7      REGENCE's denial of benefits was based on the specious claim that all of Mr.

19   CHRISTIAN's maladies stemmed from a bariatric procedure dating to two decades earlier.

20          2.8      As a consequence of REGENCE's actions, CHRISTIAN was forced to incur

21   substantial, out of pocket, medical expenses to cover procedures and treatments that should

22   have been paid by REGENCE.  He was denied the benefit of discounted rates for services that

23   REGENCE had negotiated on behalf of its insureds with medical providers.  He faced

24   substantial unpaid liabilities to medical service providers.  CHRISTIAN continues to face

25   threats of legal action by collection agencies and medical providers.  He has incurred thousands

COMPLAINT - 3

1   of dollars in attorney's fees in staving off legal action.  He was forced to seek treatments far

2   away from his home, and to search for physicians willing to treat him when REGENCE has

3   made it doubtful that their services will be paid.  REGENCE's actions resulted in delays and

4   denials in the provision of medical services to CHRISTIAN.  These acts, in turn, caused

5   CHRISTIAN unnecessary pain suffering, increased disability, emotional distress, diminution of

6   the quality of life, and the shortening of life.

7         2.9     The denial of coverage by REGENCE was contrary Washington State law and

8   contrary to the provisions of the contract of insurance.  The totality of evidence shows that

9   REGENCE did not act in good faith towards CHRISTIAN.

10        2.10   Many of the denials by REGENCE related to medical services unrelated to his

11   gastrointestinal system and thus such denials were unacceptable as they violated the plain

12   language of the Plan upon which it relied on.

13        2.11   As to those services that are related to his gastrointestinal system, the need for

14   medical services arose from factors having nothing to do with any bariatric surgery from two

15   decades earlier.  In some instances, the cause for Mr. CHRISTIAN's maladies were multi-

16   factorial, or were only indirectly related to bariatric procedures.

17        2.12   Although the INSURANCE CONTRACT contains an exclusion for weight loss

18   related bariatric procedures, none of the medical services provided to CHRISTIAN fit that

19   definition.  And while the policy also excludes "direct complications or consequences," arising

20   from such procedures, the bariatric procedure was so far removed in time and causality that it

21   amounted to at most an indirect cause of CHRISTIAN's maladies. REGENCE's denials also

22   failed to explain the denial in terms that Mr. or Ms. Christian could understand.

23        2.13   Furthermore, application of the exclusion under these circumstances is a

24   violation of State law.

25        2.14   Likewise, Washington has enacted its own minimum standards for health

COMPLAINT - 4

Law Office of Bradley S. Wolf
600 First Avenue, Suite 600
Seattle, Washington  98104
Phone:   (206) 264-4577
Fax: (206) 838-1906

1  insurance coverage, as set forth in Washington's Patients Bill of Rights Act, and WAC 284-43-

2  865, and the application of the exclusions cited by REGENCE would violate subsections of the

3  above cited regulation.

4       2.15    CHRISTIAN demanded that REGENCE reverse its wrongful denial of benefits.

5  He had likewise filed multiple appeals, and exhausted all required internal appeal processes

6  mandated by THE INSURANCE CONTRACT, but all to no avail.  Unfortunately, REGENCE

7  continued to deny his claims.

8       2.16    REGENCE did not act in good faith towards CHRISTIAN when they denied his

9  claims, after approving them, and thus he should be entitled to full coverage for all claims

10  previously denied by REGENCE.

11       2.17    One of the medical providers who provided medical services to Mr. Christian

12  was The Vancouver Clinic, P.S., Inc.  This entity filed a proof of claim in Mr. Christian's

13  probate on April 15, 2016, asserting that the estate was liable for $7,250.98, and for separate

14  additional charges of $327.00 and $20.48.  The Plaintiff has not been able to ascertain the

15  validity and merits of these charges.  But if they are legitimate charges, they ought to be

16  covered and paid by REGENCE.

17                  **III.    JURISDICTION AND VENUE**

18       3.1    This action concerns an insurance contract delivered and issued in the State of

19  Washington, covering a resident of the State of Washington.  Accordingly, the courts of this

20  state have jurisdiction over this dispute, pursuant to RCW 48.18.200(1).  Any condition,

21  stipulation or agreement to the contrary appearing in said policy is void, as set forth in RCW

22  48.18.200(2).

23       3.2    Venue in this matter is appropriate in Clark County, pursuant to RCW

24  11.95A.050(5).

25      **IV. FIRST CAUSE OF ACTION AGAINST REGENCE AND AGAINST**
               **THE VANCOUVER CLINIC, INC. P.S.**
                   **FOR DECLARATORY JUDGMENT**

COMPLAINT - 5

Law Office of Bradley S. Wolf
600 First Avenue, Suite 600
Seattle, Washington 98104
Phone:   (206) 264-4577
Fax: (206) 838-1906

4.1     Plaintiff re-alleges the allegations contained in Paragraphs 1.1 through 3.2, hereinabove.

4.2     The Vancouver Clinic, Inc. P.S., filed a proof of claim in Mr. Christian's probate on April 15, 2016, asserting that the estate was liable for $7,250.98, and for separate additional charges of $327.00 and $20.48.  The Plaintiff has not been able to ascertain the validity and merits of these charges.  But if they are legitimate charges, they ought to be covered and paid by REGENCE.

4.3     Wherefore, Plaintiff prays for a declaratory judgment under RCW 7.42 the legitimacy and amount of the sums due and owing to The Vancouver Clinic, Inc., P.S., and further based upon this determination, Plaintiff seeks a declaratory judgment under RW 7.42 of that such charges are and should be paid by REGENCE under Mr. Christian's insurance policy.

## V. SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

5.1     Plaintiff re-alleges that allegations contained in Paragraphs 1.1 through 4.3 hereinabove.

5.2     CHRISTIAN entered into an INSURANCE CONTRACT with REGENCE.  CHRISTIAN has performed all duties required of him under the contract.  However, REGENCE has breached the contract by failing to pay benefits to which CHRISTIAN is entitled.

5.3     Wherefore, CHRISTIAN is entitled to an award of damages against REGENCE in an amount to be proven at trial.

## VI.  THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT

6.1     Plaintiff re-alleges that allegations contained in Paragraphs 1.1 through 5.3 hereinabove.

COMPLAINT - 6

6.2     The CONTRACT OF INSURANCE issued by REGENCE, contains provisions that purport to require Washington residents to bring suit in a foreign state, to obtain the basic benefits of their policies.  Plaintiff seeks a judgment declaring this policy provision void pursuant RCW RCW 48.18.200(2).

## VII. FOURTH CAUSE OF ACTION
## BAD FAITH DENIAL OF INSURANCE CLAIM

7.1     Plaintiff re-alleges that allegations contained in Paragraphs 1.1 through 6.2 hereinabove.

7.2     In denying CHRISTIAN's claims, REGENCE has breached its common law and statutory duties of good faith.  These breaches include the failure to acknowledge and act reasonably and promptly upon communications with respect to claims arising under his policy, failure to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy, refusal to pay claims without conducting a reasonable investigation, failure to affirm coverage within a reasonable time after proof of loss had been completed, denial of claims without a proper legal basis, and failure to explain denial of benefits in terms Plaintiff could understand. Moreover, REGENCE's denial of coverage violated the language of it's own plan and thus was unacceptable. The evidence, in total, demonstrates REGENCE did not act in good faith towards CHRISTIAN and violated his rights under the Patients Bill of Rights.

7.3     Wherefore, REGENCE is liable to CHRISITAN in an amount to proven at trial. REGENCE is also estopped from denying coverage for CHRISITIAN's claims and is further liable for all consequential damages resulting from its actions.

## VIII. FIFTH CAUSE OF ACTION
## VIOLATON OF WASHINGTON CONSUMER PROTECTON ACT

8.1     Plaintiff re-alleges that allegations contained in Paragraphs 1.1 through 7.3 hereinabove.

COMPLAINT - 7

Law Office of Bradley S. Wolf
600 First Avenue, Suite 600
Seattle, Washington  98104
Phone:   (206) 264-4577
Fax: (206) 838-1906

1    8.2    The bad faith conduct of REGENCE, as outlined above, constitutes a false and

2  deceptive act in trade or commerce, which has caused Plaintiff damages and is a violation of

3  Washington's Consumer Protection Act.  Each denial of claim constitutes a separate cause of

4  action rendering REGENCE liable for actual damages, and for treble damages of up to $25,000,

5  costs and attorney's fees, as set forth by RCW 19.86.090.

6    8.3    As a separate and further cause of action, THE INSURANCE CONTRACT

7  falsely states that insureds thereunder are required to resort to courts of law outside of the State

8  of Washington for the enforcement of their legal rights under the policy.  This provision

9  constitutes a false and deceptive act in trace or commerce, which has caused Plaintiff damages,

10  in violation of Washington's Consumer Protection Act.  Wherefore, Plaintiff is entitled to an

11  award for his actual damages, and for treble damages of up to $25,000, costs and attorney's

12  fees, as set forth by RCW 19.86.090.

13    Wherefore, having stated causes of action against the Defendant, Plaintiff prays for the

14  following relief:

15    A.    For declaratory relief establishing the legitimacy and amount of The Vancouver

16  Clinic, Inc., P.S.'s charges;

17    B.    For declaratory relief establishing that any charges thus proven and established

18  are the liability of REGENCE, under the terms of Mr. Christian's policy;

19    C.    For an award of damages against REGENCE in an amount to be proven at trial;

20    D.    For consequential damages stemming from REGENCE'S wrongful conduct,

21  including the allegations contained in Paragraphs 1.1 through 7.3 hereinabove which Petitioner

22  re-alleges;

23    E.    That the court award treble damages for each claim wrongfully denied by

24  Plaintiff, up to $25,000 per denied claim;

25    F.    That the court declare that the provisions, under the INSURANCE CONTRACT,

COMPLAINT - 8

**Law Office of Bradley S. Wolf**
**600 First Avenue, Suite 600**
**Seattle, Washington  98104**
**Phone:   (206) 264-4577**
**Fax: (206) 838-1906**

1  calling for exclusive jurisdiction outside of the State of Washington are void as a matter of law.

2        G.     For an award of Plaintiff's costs;

3        H.     For an award of Plaintiff's attorney's fees pursuant to RCW 11.95A.130 and the

4  Consumer Protection Act; and

5        I.     For such other and further relief as the court deems equitable in the premises.

6  DATED: _____5/24/19_____

7                                   **LAW OFFICE OF BRADLEY S. WOLF**

8

9                                    By: _____

10                                       Bradley S. Wolf, WSBA #21252
                                      Christine L. Becia, WSBA #26410

11                                       Attorneys for Plaintiffs,
                                      Tina M. Christian and The Estate of

12                                       Damien W. Christian

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 9

Law Office of Bradley S. Wolf
600 First Avenue, Suite 600
Seattle, Washington  98104
Phone:   (206) 264-4577
Fax: (206) 838-1906

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON, IN AND FOR THE
COUNTY OF CLARK

Tina M. Christian, a single woman; and as Personal
Representative of the Estate of Damien Walter Christian

No.

Plaintiff/Petitioner

VS.

DECLARATION
PURSUANT TO
GR 17(a)(2)

Regence Bluecross Blueshield of Oregon, an Oregon
Nonprofit Corporation; and The Vancouver Clinic, Inc.,
P.S., a Washington Professional Services Corporation

Defendant/Respondent

_____

I declare as follows:

1. I am the party who received the foregoing email transmission for filing.
2. My address is: 1050 SW 6th Ave., Suite 1100, Portland, Oregon 97204.
3. My phone number is 503-727-3100.
4. I have examined the foregoing document, determined that it consists of 10
   pages, including the signature page and this Declaration page, and that it is complete and
   legible.

I certify under the penalty of perjury under the laws of the State of Washington that the above is
true and correct.

Dated:  5/24/19  , at Portland, Oregon.

Signature:  _____
Print Name: Brian Picha